[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case is a limited contested divorce action brought to and tried before the New Haven Judicial District. The allegations of the complaint are that the parties reside in the State of Connecticut. They were married on November 15, 1985, and had one child issue of the marriage whose name is Michael Perez born on October 1, 1986. The complaint further alleges that the marriage of the parties has broken down irretrievably. The complaint is dated on March 26, 1997 and was returnable to the court on April 22, 1997. The trial took place over several days, concluding on December 14, 1999. The last of the Memoranda of Law were filed on January 18, 2000. CT Page 1561
The plaintiff is currently 38 years of age and the defendant is 42 years of age. Her education was through high school, and then subsequently she worked at Yale University as a secretary. That was her position at the time of the marriage in 1985. The parties' son was born one year later. The parties built a house in North Haven in approximately 1987. They sold that house and began building a larger home which was located in Wallingford in the early 1990's. At that time, the child was attending Hamden Hall School, a private school. The plaintiff testified that the defendant was operated his own business. It was the practice of the defendant to pay all of his business bills, and personal obligations through his business. During a good portion of the marriage, the plaintiff was not employed. As a result of his concerns about potential liability, he put the jointly owned home in the name of the plaintiff. As a consequence of his methods of operating the business, there were constant phone calls, letters, and communications from everyone and anyone to whom he owed money. The plaintiff indicates that the constant dunning by bill collectors was greatly upsetting to her. She ended up in therapy and was prescribed Prozac.
The plaintiff eventually did return to work in 1996 by obtaining employment at the Knights of Columbus. Even at that time, it was her testimony that the defendant owed vast amounts of money and the collection attempts persisted. At the end of 1996, the plaintiff states she did discuss dissolving the marriage with the her husband, and eventually moved from the family home in April of 1997. At present, the plaintiff earns approximately $35,000 per year. From the time that the plaintiff moved with the child, the defendant began to provide $500.00 per week on a voluntary basis.
The events that follow account for the lapse in time from the return date in 1997 to the conclusion of the trial. Those events include a wage garnishment against the plaintiff, and a demand made upon the plaintiff by the State of Connecticut Department of Revenue Services for a very substantial debt. Also, the amount of her support was reduced from $500.00 per week to $300.00 per week. The events also include the parties attempt at reconciliation which was not successful. Unfortunately, at the end of the reconciliation the plaintiff's mental condition deteriorated to the extent that she attempted to take her own life. Fortunately, that attempt was not successful and she has since recovered, albeit with some remaining issues, and the CT Page 1562 remaining necessity for treatment.
The defendant, Richard Perez testified as to the history of the marriage of the parties, the several homes built and sold, and his perception of those events. He also testified that they took on too much in the building of the home in Wallingford and accounts for the economic demise of the parties by indicating that some of his customers did not pay him at all or in a timely fashion and that problem spiraled into a series of larger problems. Mr. Perez indicates that the parties have been living over their heads for some time, and he also indicates that his wife was not aware of it. The testimony of Mr. Perez also provided some insight into his business, and specifically into his bookkeeping practices. Mr. Perez was only able to provide income tax returns up to 1997. The returns and financial information that he did provide, which are essentially contained within plaintiff's exhibits 22-46, inclusive, provide conformation of Mr. Perez's use of his business account for all of his expenses, his classification of personal debt and expenses as business deductions, and what can most kindly be described as his uniquely creative accounting practices. The tax return submitted for 1997 shows "Schedule C" gross income from the defendant's business to be $344,508.00 from which he deducts $290,530.00 in expenses. Those expenses include in substantial part Mr. Perez' personal expenses. His reported net profit is then $42,703.00. (Plaintiff's Exhibit No. 29). His returns for 1992 and 1994 were similar to that for 1997, although based on a corporate structure. His returns for 1993 and 1995 report a lower gross amount and slightly higher net amounts. The returns are grossly inconsistent from year to year, within the same year, and with the defendant's own records. Based on an examination of the evidence, his net profit, that is his taxable income, is found to be between $100,000.000 and 115,000.00 per annum.
The court has considered the provisions of Connecticut Statutes46b-40, 46b-56, 46b-62, 46b-81
and 46b-82. The marriage of the parties is dissolved. After having considered those statutes, the court specifically incorporates the "Partial Stipulated Agreement" of November 1999 into this judgment. That document contains a provision for joint legal custody, primary residence of the child with the plaintiff mother, and child support in the amount of $300.00 per week. In addition, the court approves and incorporates as a part of the court's judgment, the "Stipulated Agreement as to Custody and Related Matters" which was submitted CT Page 1563 by the parties and also dated November 9, 1999. Finally, the court approves and incorporates as a part of it's judgment the "Agreement of the Parties Regarding Taxes and Motor Vehicle" dated November 9, 1999. The payment related to the motor vehicle pursuant to the terms of this agreement shall be considered as property division and not as alimony.
The plaintiff is ordered to maintain the minor child on her present health insurance coverage as long as it is made available to her through her employment at a reasonable cost. Such cost as are uninsured or uncovered by such medical insurance shall be divided between the parties in accordance with the child support guidelines submitted and filed with the court on November 9, 1999. In the event that insurance coverage is not available to the plaintiff as aforesaid, the defendant is to provide such insurance as may be available through his employment at reasonable cost. In the event that neither party can provide medical insurance through their employment, they shall be obligated to apply for such insurance under the "HUSKY" plan and the defendant shall be responsible for payment of premiums of said plan. The processing of any claims under medical insurance shall be governed by the provisions of § 46b-84(d) of the Connecticut General Statutes. The plaintiff shall be entitled to claim the child as a deduction for income tax purposes.
The wife shall retain as her own property the time shares listed on her financial affidavit. The defendant shall pay to the wife as alimony the sum of $200.00 per week for a period of two years from the date of this judgment, and thereafter $150.00 per week for a period of five years from the date of this judgment. Neither the amount nor the term shall be subject to modification, except that it shall terminate upon death of the plaintiff.
The parties shall be equally responsible for the total People's MasterCard bill. Similarly, the parties shall be equally responsible for one half of the orthodontist bill listed on the plaintiff's financial affidavit. The defendant is ordered to pay the sum of $25.00 per month to the plaintiff for each of those bills until such time as they are paid in full.
The defendant is ordered to pay the sum of $6,500.00 towards the attorneys fees of the plaintiff. That sum shall be paid in the following manner:
$500.00 to be paid on or before thirty days from the date of CT Page 1564 this decision, and then $1,500.00 to be paid each sixty days thereafter until the obligation is discharged in full.
The items identified in plaintiff's exhibit #19 as items of personal property claimed by the plaintiff shall be conveyed to her. Unless otherwise stated, each party shall be responsible for the debt listed on their financial affidavit and shall hold the other harmless thereon. The obligations imposed by the terms of this judgment, including but not limited to those incorporated by reference from the stipulation of the parties, shall not be discharged in bankruptcy.
Robaina, J.